## SCRANTON GAS & W. CO. v. N. COAL & I. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY.

Argued October 21, 1891 *—Decided January 4, 1892.

The decree of the court below, continuing a preliminary injunction restraining a coal and iron company from entering and laying its tracks upon the lot of a gas and water company, acquired by the latter under

---

* By advancement in the Western District.

the right of eminent domain and in necessary use for the purposes of its business, affirmed.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and MIT-CHELL, JJ.

No. 168 July Term 1891, Sup. Ct.; court below, No. 168 June Term 1891, C. P. in Equity.

On April 15, 1891, the Scranton Gas & Water Company filed a bill in equity against the Northern Coal and Iron Company, averring in substance:

That plaintiff was a corporation created by the act of March 16, 1854, P. L. [1856] 599; that by said act and its supplements the plaintiff company was clothed with the right of eminent domain, by virtue of which it had entered upon and acquired, thirty years before, lot No. 2, in block No. 19, on the town plot of the city of Scranton, forty feet in front by one hundred and fifty feet deep, and erected thereon a building for the purposes of its business, twenty-six feet by one hundred and twenty feet in dimensions, from that time to the present had used the same, and the use of the lot was absolutely necessary to its business; that the plaintiff's plant for manufacturing gas, costing upwards of two hundred thousand dollars, was located on a lot or lots adjoining said lot No. 2, and separated from it only by the defendant company's right of way, and said property was necessary for plaintiff company's business and had been so used for thirty years and upwards; that defendant company had instituted proceedings on the law side of the court, for the purpose of taking possession of said lot No. 2; that defendant company was incorporated ten years or more subsequent to plaintiff's incorporation, and subsequent to plaintiff's acquisition of the said property; that upon said lot No. 2 were erected the two principal gas-mains through which the city was supplied with gas; that said mains could not be moved, and that defendant company could not occupy the lot without destroying them; praying for an injunction restraining defendant company from entering upon said lot, laying its tracks thereon, or obstructing plaintiff's free use and enjoyment thereof, and for general relief.

A preliminary injunction was awarded on the filing of the

bill. A motion to dissolve having been argued, on the reading of affidavits presented on both sides, the court, CONNOLLY, J., on June 3, 1891, without opinion filed, entered a decree continuing the injunction until further order. Thereupon, the defendant took this appeal, assigning said decree for error.

*Mr. James H. Torrey* and *Mr. Geo. R. Bedford*, for the appellant.

*Mr. Alfred Hand*, for the appellee.

PER CURIAM:

As advised by the affidavits and other evidence presented to us, this appears to be a case in which the status quo should be preserved until the testimony is taken and the facts are more fully ascertained. In appeals such as this, we generally refrain from any expression of opinion as to the merits of the case, for the obvious reason that the facts are only partially before us. There is nothing in this case to take it out of the general rule.

> The order of the court, continuing the preliminary injunction, etc., is affirmed, and appeal dismissed with costs to be paid by appellant.